**CHURCH OF WORLD PEACE, INC., Plaintiff-Appellant,**

v.

**INTERNAL REVENUE SERVICE; Jerome Kurtz, Commissioner of Internal Revenue; G.L. Mihlbachler, District Director of Internal Revenue; and Lloyd G. Wright, Internal Revenue Agent, Defendants-Appellees.**

No. 82–2218.

United States Court of Appeals, Tenth Circuit.

Aug. 24, 1983.

Richard F. Thurston, Denver, Colo., for plaintiff-appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Robert T. Duffy and Murray S. Horwitz, Attorneys, Tax Div., Dept. of Justice, Washington, D.C. (Robert N.

Miller, U.S. Atty., Denver, Colo., of counsel), for defendants-appellees.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

On August 11, 1978, the Internal Revenue Service granted The Church of World Peace tax exempt status under 26 U.S.C. § 501(c)(3) (1976). Since that time, the Service has made various requests for information it believes relevant to the Church's continuing exempt status. The Church has responded to these requests; however, the Service advised the Church that the responses had been inadequate and that it wanted specified records produced for examination at the Service's offices on May 28, 1981. The Regional Commissioner warned the Church by letter that a revocation of its exempt status would be proposed if the information were not produced in a timely manner, with the Service considering that the Church had not taken all reasonable steps to maintain its exempt status. The letter also warned that this failure to take all reasonable steps would be considered a failure to exhaust the Service's administrative remedies which could result in a loss of declaratory judgment rights under 26 U.S.C. § 7428 (1976 & Supp. V 1981).

The Church responded by filing this action, seeking a declaratory judgment that the Service and its agents were acting beyond their statutory and constitutional authority and are not entitled to the discovery

they seek. The Church also seeks an injunction to prevent the Service from continuing its allegedly abusive, harassing course of conduct. The defendants moved for summary judgment, which the trial court granted, holding that the action was precluded by 28 U.S.C. § 2201 (Supp. V 1981) and 26 U.S.C. § 7421 (1976 & Supp. V 1981).

On appeal, the plaintiff argues that this action is the only way it can protect itself from the defendant's repetitive, overbroad requests for information, since the Service has threatened to revoke its exempt status and foreclose the possibility of judicial review of its claims under section 7428 if it refuses to turn over the requested information.

Congress has authorized the examination and summoning of taxpayers and their records by the Service in order to assure the proper payment of taxes and the correctness of returns. 26 U.S.C. § 7602 (1976). However, Congress has required the Service to go through the courts to enforce such a summons. *See id.* §§ 7402, 7604 (1976 & Supp. V 1981). If the taxpayer refuses to comply with the summons, the Service can enforce it only through an adversarial judicial proceeding in which the taxpayer can raise its objections to the summons. *E.g., Reisman v. Caplin,* 375 U.S. 440, 445–46, 84 S.Ct. 508, 511–12, 11 L.Ed.2d 459 (1964); *see United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964).[1] Thus, the Internal Revenue Code provides the plaintiff with an adequate remedy if the Service tries to enforce its summons.

As for the Service's ability to revoke summarily the plaintiff's exempt status and preclude judicial review under 26 U.S.C. § 7428 by treating the plaintiff's refusal to turn over records as a failure to exhaust administrative remedies, it has no such

1. A court reviews the summons to prevent abuse of the judicial process. Abuse includes enforcement of a summons issued for an improper purpose, such as to harass the taxpayer or pressure him into settling a collateral dispute. *United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). In addition, § 7602 apparently requires that the information sought not already be in the Service's possession. *Id.* at 56, 85 S.Ct. at 254.

power.[2] The Church's good faith contesting of the request or summons for records cannot provide any independent basis for the Service's revoking its exempt status or for its imposing any other collateral sanction on the Church.[3] *See Reisman,* 375 U.S. at 450, 84 S.Ct. at 514. (The Internal Revenue Code "provides full opportunity for judicial review before any coercive sanctions may be imposed."). To allow such action by the Service would undermine the judicial check that Congress has placed on the Service's exercise of its summons power. Thus, if the Service decides to forego court enforcement of its summons, it may proceed with any action it deems proper but must base that action solely on the information it already possesses and cannot rely in any manner on the taxpayer's failure to comply with its unenforced summons. For example, the Service could evaluate the Church's continuing exempt status based on whatever information it already possesses. If, ignoring the Church's failure to comply with a request or summons for records, the Service determines that the Church's exemption should be revoked, the Church would then be free to exercise its rights of appeal within the Service and ultimately to the courts as set out in section 7428, with no prejudice to those rights resulting from its good faith failure to turn over the requested information. Thus, the plaintiff has an adequate remedy at law and will not be coerced into waiving its right to a judicial resolution of its good faith objections to an Internal Revenue Service summons because of the threat of severe sanctions for failing to turn over the information, *see Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); *cf. Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

This action for declaratory and injunctive relief must therefore be dismissed.

The decision of the district court dismissing the action is affirmed.

---

2. In its motion for summary judgment, the Service characterizes the Regional Commissioner's letter to the Church, which authorized the examination of its records and warned of sanctions for failure to comply, as a "request" in compliance with the notice requirements of § 7605(c) and not a "threat" of summary revocation of exempt status. It also argues that its procedures would allow the plaintiff to appeal the revocation of exempt status to the Service's appeals office and then to the appropriate court, as provided in § 7428, before the revocation could become effective. We simply note that the threatening character of the letter is somewhat ambiguous and that the defendant is bound by the position it has now clearly taken

before this court. We strongly disapprove of any attempt by the Service to coerce compliance with a request or summons for records by threatening to follow a course of conduct that it is not empowered to pursue. We will deal with the problem of adverse consequences flowing from submission to such a threat when faced with it.

3. Of course, sanctions are available for a bad faith or contumacious failure to comply with a summons or for failure to comply once the summons has been judicially enforced. *See Reisman v. Caplin,* 375 U.S. 440, 446–49, 84 S.Ct. 508, 512–13, 11 L.Ed.2d 459 (1964).